UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLA COFFEY, | No. 2:21-cv-01743-AC |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will GRANT plaintiff's motion for summary judgment, and DENY the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I.  PROCEDURAL BACKGROUND

Plaintiff protectively applied for disability insurance benefits and for supplemental security income in January of 2019.  Administrative Record ("AR") 66-67, 82-83, 138-51.[2]  The disability onset date for both applications was alleged to be August 30, 2017.  AR 142-43.  The onset date was later amended to April 19, 2019.  AR 36.  The applications were disapproved initially and on reconsideration, and on December 21, 2020, ALJ Matthew Bring presided over the hearing[3] on plaintiff's challenge to the disapprovals.  AR 31-53 (transcript).  Plaintiff appeared with her counsel, Roopen Parekh, and testified at the hearing.  AR 31.  Vocational Expert Steve Shell also testified.  Id.

On February 4, 2021, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 15-26 (decision), 27-30 (exhibit list).  On August 11, 2021, after receiving a Request for Review of Hearing and a representative Brief as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-5 (decision).

Plaintiff filed this action on September 24, 2021.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 8.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 12 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion).

II.  FACTUAL BACKGROUND

Plaintiff was born in 1976, and accordingly was 42 years old on the alleged disability onset date, making her a "younger individual" under the regulations.  AR 138-39; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same).  Plaintiff's disability filing indicates she has an 11th grade

---

[2]  The AR is electronically filed at ECF No. 1 (AR 1-590).
[3]  The hearing was telephonic due to the COVID-19 pandemic; plaintiff consented to a telephonic hearing.  AR 15.

education and can communicate in English, though consultative examination notes indicate plaintiff is a high school graduate. AR 187-198; 429. Plaintiff has past work experience as a medical biller and as a reimbursement specialist. AR 189.

### III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not

4

disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023 (Exhibit 6D).
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since April 19, 2019, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. [Step 2] The claimant has the following severe impairments: anxiety, depression, adjustment disorder, left knee degenerative effusion, and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs. She can occasionally stoop, kneel, crouch, and crawl. She can perform simple and routine tasks. She can interact with coworkers and the public on an occasional basis. She can respond appropriately to occasional changes in work duties.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born [in 1976] and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a)

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 19, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 17-25. As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 25.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by failing to properly credit her subjective symptom testimony. ECF No. 12 at 6. She alleges the error is harmful, requiring remand to the Commissioner. Id. at 11. The undersigned agrees.

A. The ALJ Improperly Evaluated Plaintiff's Subjective Testimony

Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering

"specific, clear and convincing reasons for doing so." Id. (internal citations omitted).

Here, plaintiff alleged that she was disabled due to high blood pressure, ulcer, depression, and anxiety. AR 68. At the administrative hearing, plaintiff testified that anxiety, mood fluctuations, poor sleep, poor concentration, staying on task, and attention problems restrict her to an extent she is unable to consistently work. AR 38-40, 44, 47-48. She reported experiencing panic attacks and nausea attacks roughly twice a week, which cause her to be "out of commission" for the entire day. AR 39. She also testified that she had physical difficulties due to her knees "giving out" after roughly 15 minutes of standing up. AR 41. In her adult function report, plaintiff stated that her impairments affected her squatting, stair climbing, memory, and concentration. AR 213. She estimated that she could only walk for twenty minutes before needing to rest and could only pay attention for fifteen minutes at a time. Id.

The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 21. He explained that he discounted plaintiff because her "statements about the intensity, persistence, and limiting effects of her symptoms, [ ] are inconsistent because her activities of daily [living], such as performance of household chores and caring for a young child, reflect greater functionality. The severity of symptoms alleged are also not reflected in the claimant's level of treatment and physical examination and mental status examination findings." AR 21.

Neither of the ALJ's two reasons for discounting plaintiff's subjective testimony are sufficient. First, to the extent the ALJ relies on plaintiff's activities of daily living to discount her subjective testimony, the analysis is flawed. The Ninth Circuit has held that "if a claimant 'is able to spend a *substantial part* of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.'" Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (emphasis and alteration in original) (quoting Morgan v. Comm'r of Soc. Sec. Admin.,

169 F.3d 595, 599 (9th Cir. 1999)). However, "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." Id. (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)) (finding that activities such as walking in the mall and swimming are not necessarily transferable to the work setting with regard to the impact of pain as a claimant may do these activities despite pain for therapeutic reasons). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," and "[o]nly if the level of activity were inconsistent with [the claimant's] claimed limitations would these activities have any bearing on [the claimant's] credibility." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

     Here, the ALJ identifies "household chores and caring for a young child" as activities that undermine plaintiff's limitations testimony. AR 21. These broad categories of activities, on their face, do not obviously transfer to a work environment, and the ALJ provides no specific explanation. Further, a closer look at the record indicates the ALJ's summary of plaintiff's daily activities is oversimplified. On her adult function report, plaintiff described her daily activities as "take my medicine, get my daughter dress[ed], take her to school, come back home and lay down most of the day." AR 209. She can make sandwiches, sometimes can make full meals, and does laundry. AR 210. Her hobbies are running track with her child "every Saturday" but since her illness she has "no motivation." AR 212. She does not engage in any other social activities. Id. The ALJ fails to explain how these limited activities of daily living transfer to a work setting or undermine the credibility of her subjective testimony.

     Second, the ALJ's conclusory assertion that the plaintiff's level of treatment and physical examination and mental status examination findings do not support her testimony is insufficient because it is not clear from the ALJ's decision which portions of plaintiff's subjective testimony are contradicted by which portions of the medical record. Instead of linking medical evidence or opinions to the subjective testimony to show how plaintiff's statements are undermined, the ALJ simply moves to an analysis of the medical opinions. AR 21-24. It is not clear from the medical record that plaintiff's subjective statements are, in fact, undermined. See, e.g., AR 298-299 ("dysphoric" mood, "restricted" affect, and behavior marked with "psychomotor retardation"), 530 ("depressed, dysphoric and anxious" mood and "blunted" affect), 531-533 ("dysphoric"

8

mood and "restricted" affect congruent with her mood), AR 542 ("depressed, dysphoric and anxious" mood with "restricted" affect and "impaired" concentration), AR 544-550 ("tearful" behavior, "depressed, dysphoric and anxious" mood, "restricted" affect, and "impaired" concentration), AR 303-305 ("dysphoric" mood and "restricted" affect). Because the ALJ did not adequately support his rationale for discounting plaintiff's subjective testimony, the court finds error.

### B. The Error is Harmful and Requires Remand

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; plaintiff's subjective testimony, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability. It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider plaintiff's testimony. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

////

4. The Clerk of the Court shall enter judgment for plaintiff and close this case.

DATED: March 7, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE